IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                  Cr. No.  11-2293JH

AGUSTIN AISPURO-HAROS,

        Defendant.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant Augustin Aispuro-Haros' Motion to Dismiss Indictment for Violation of Defendant's Right Under the Speedy Trial Act* [Doc. 91].  In his motion, Defendant moves the Court to dismiss the charges against him on the grounds that his right to a speedy trial has been violated.  For the reasons discussed herein, the motion will be denied.

### FACTUAL BACKGROUND

On August 3, 2011, Defendant was arrested for the offense of possession with the intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  After a detention and preliminary hearing on August 5, 2011, the magistrate judge found probable cause to bind Derfendant over for formal chargess and ordered that he be detained pending trial.  On August 24, 2011, a federal grand jury indicted Defendant on the offense for which he had been arrested.  On August 31, 2011, Defendant was arraigned and remanded to the custody of the United States Marshal.  Trial was set for October 17, 2011.

On September 14, 2011, Defendant moved to continue the trial because he needed additional

time to review discovery, conduct legal research, and draft pretrial motions. He also moved for an extension of the pretrial motion deadline and indicated that once pretrial motions were filed, the Government would need time to respond and the Court would require time to schedule a hearing on such motions. Defendant noted that the parties would need time beyond October 17, 2011 to adequately prepare for trial. On September 19, 2011, the Court granted both motions and reset the trial on December 12, 2011.

On October 16, 2011, Defendant filed his motion to suppress evidence as well as a motion to compel disclosure of additional discovery. On November 8, 2011, the Court held a hearing on Defendant's motion to compel, and on November 15, 2011, the Court entered a Memorandum Opinion and Order directing the Government to disclose certain additional evidence. The next day, the Court granted Defendant's request for an extension of time until December 7, 2011 in which to file his reply to the Government's response to his motion to suppress. On November 27, 2011, Defendant filed an unopposed motion to continue the December 12, 2011 trial setting, noting among other things the need for resolution of his motion to suppress—a motion which was not yet fully briefed by the parties, and regarding which discovery had not yet been completed. On November 30, 2011, the Court granted Defendant's motion to continue and reset the trial on February 6, 2012. The Court also granted Defendant's request to supplement his motion to suppress with three additional arguements.

In December of 2011 and January of 2012, the parties filed numerous supplemental briefs regarding the motion to suppress. These included two supplemental briefs by the Defendant (Docs. 49 and 54) and corresponding responses by the Government. On January 13, 2012, the Government filed its unopposed motion to continue the February 6, 2012, trial date on the grounds that counsel would be in trial in another case on that date. The Government also noted the unavailability of

Defendant's counsel during certain dates in February and March.

On January 18, 2012, the Court held an evidentiary hearing on Defendant's motion to suppress evidence and took the matter under advisement. At the hearing the Court granted the motion to continue the February 6 trial setting and granted the Government's request to file a supplemental response to the Defendant's second supplemental brief in support of his motion to suppress. On January 19, 2012, the Court gave the parties until February 6, 2012 to file written closing arguments regarding the motion to suppress. Then, on January 24, 2012, the Court filed a written order continuing the February 6 trial date and resetting it for April 16, 2012. On February 6 and 7, 2012, the parties filed their written closing arguments on the motion to suppress.

On March 27, 2012, the Government filed an unopposed motion to continue the April 16, 2012 trial date, citing as grounds the pending motion to suppress evidence. The Court granted the motion and reset the trial for June 18, 2012. On June 1, 2012, Defendant filed an amended motion to continue the June 18, 2012 trail setting, citing the pending ruling on the motion to suppress. On June 6, 2012, the Court granted the motion. Based upon the representations of Defendant's counsel regarding her unavailability in July and August of 2012, the Court reset the trial for September 24, 2012.

On August 27, 2012, the Government filed an unopposed motion to reset the September 24, 2012 trial to an earlier date. As grounds for the motion, the Government noted that the parties were in plea negotiations, that they were awaiting a ruling on the motion to suppress, and that the case agent, DEA Special Agent Scott Godier was unavailable during the week of September 24, 2012. On August 29, 2012, the Court denied the motion, and on August 30, 2012 the Government filed another unopposed motion to continue the September 24 setting, again noting both the pending motion to suppress and the unavailability of Agent Godier. The Government also asserted that DEA

Forensic Chemist Kiara Hamlet was unavailable to testify during the week of September 24, 2012. Thus, the motion sought continuance based on both the pendency of the motion and the "ends of justice" exception. On September 13, 2012, the Court granted the Government's motion to continue and, due to the unavailability of defense counsel and Agent Godier on certain dates in October, reset the trial for November 5, 2012. That trial date remains in effect.

On September 26, 2012, Defendant filed his motion to dismiss on the grounds that his rights under the Speedy Trial Act had been violated.

## DISCUSSION

The Speedy Trial Act ("STA") requires that a federal criminal trial commence within seventy days of the later of the filing of the information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1); *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). The act excludes from this seventy-day period, inter alia, "[a]ny period of delay resulting from a continuance . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This ends-of-justice exclusion is "meant to be a rarely used tool for those cases demanding more flexible treatment." *Toombs*, 574 F.3d at 1269 (quoting *United States v. Doran*, 882 F.2d 1511, 1515 (10th Cir. 1989)) (internal quotation marks omitted). Accordingly, "ends-of-justice continuances should not be granted cavalierly." *United States v. Williams*, 511 F.3d 1044, 1049 (10th Cir. 2007).

The STA also provides, in relevant part, that in computing the time within which a trial must be held one must exclude "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D). In his motion, Defendant argues that while the pendency of the motion to dismiss

is technically excludable, the passage of time between February 6, 2012[1] and October 24, 2012 is not "prompt" as required by the STA, but rather is "excessive and prejudicial" such that his rights have been violated. He requests dismissal with prejudice of the charge against him.

Neither party has cited, nor has the Court found, any authorities that provide guidance regarding what constitutes "prompt" disposition of a motion under the STA. Thus, the Court concludes that the analysis must take into consideration the totality of the circumstances at the time the motion was under advisement. First, these circumstances must include the complexity of the motion and the legal issues it raises. Here, the motion was extremely complex—indeed, this motion to suppress was the most complex motion of its sort that the undersigned district judge has ever encountered. Without belaboring the specifics, the motion required the Court, *inter alia*, to (1) examine facts that were complex and spanned an investigation that took place over a long period of time; (2) analyze a novel question regarding who bears the burden of proof when an alien's standing to raise Fourth Amendment rights is at issue; (3) examine the issue, regarding which there is no authority from the Supreme Court or Tenth Circuit that is directly on-point, of whether an alien has standing to assert the Fourth Amendment right to be free from unreasonable search and seizure; (4) determine Defendant's standing to challenge the searches of two different residences; (5) conduct a detailed analysis of the search warrant affidavit and a determination of what evidence should be excised from the affidavit on the grounds that it was illegally obtained; (6) conduct a *Franks* analysis of various statements in the search warrant affidavit; (7) determine whether the good faith exception applied to various allegations in the search warrant affidavit; and (8) analyze the

---

[1] This is the date upon which the parties filed their written closing arguments and therefore the date upon which the motion to suppress was fully briefed. In the Court's view, the motion was not ripe for decision before this date.

remaining facts in the affidavit to determine whether they supported probable cause to search. This was far more than "a simple drug case," as the Defendant argues. That characterization of the case, and of the motion, is belied by the fact that Defendant filed five lengthy briefs in support of the motion, while the Government filed four. With the inclusion of the exhibits offered by the parties, these amounted to nearly 300 pages for the Court's review. Furthermore, the disposition of the motion to suppress was adversely affected by the fact that the undersigned is handling the litigation of a case in which the Government seeks the death penalty, *United States v. McCluskey*, Cr. No. 10-2734 JCH. That case consumes an inordinate amount of Court time and resources; and, under the current budgetary climate, judges who are assigned a death penalty case no longer receive an extra law clerk to assist with the monumental task of research and writing generated by the complex and innumerable motions that such cases inevitably bring, not to mention the time-consuming administrative hurdles presented by planning for and conducting the selection of a jury in such a case. The Court has done this while maintaining its full caseload of both non-death penalty criminal cases and civil cases. The Court acknowledges that the passage of more than eight months between the time a motion is ripe for review and the filing of a decision is less than ideal. However, the Court concludes that the decision was as prompt as was possible under the circumstances described above. Thus, the Court will deny the Defendant's motion to dismiss on the grounds that the time was properly excludable under 18 U.S.C. § 3161(h)(1)(D). In addition, the Court concludes that in each order granting continuance in which the Court relied on the "ends of justice" exception as an additional reason supporting its ruling, that exception served as a valid alternative ground for continuance.

In his amended reply in support of the motion to dismiss [Doc. 101], Defendant raises two new arguments not raised in his original motion. The first is Defendant's reliance on

§3161(h)(1)(H) and its 30 day time limit for periods of delay "during which any proceeding concerning the defendant is actually under advisement by the court." The second is Defendant's argument that his Sixth Amendment right to a speedy trial has been violated.[2] As stated above, Defendant raises these arguments for the first time in his reply brief, thereby depriving the Government of the opportunity to respond to them. Thus, the Court will not consider them here.

For all the foregoing reasons,

**IT IS THEREFORE ORDERED** that *Defendant Augustin Aispuro-Haros' Motion to Dismiss Indictment for Violation of Defendant's Right Under the Speedy Trial Act* [Doc. 91] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] As part of his new Sixth Amendment argument, Defendant states that he has been held in solitary confinement for nearly seven months, causing him to become mentally unstable. Doc. 101 at 10. Despite the ongoing situation, Defendant did not bring the issue to the Court's attention until the filing of his reply brief approximately ten days before the entry of this Memorandum Opinion and Order.